**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 1 2026

MITCHELL R. ELFERS
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**Hayley Audriena Danner, Plaintiff**

v.

**Dominos Pizza, Inc, PECOS VALLEY PIZZA, INC (BAM Franchise), Matthew Johnson, Charmaine Thomas, Josh Celestine, Brian Bailey, Ray Santiago**

CV 26-385 JMR

Case No.:

**DEMAND FOR JURY TRIAL AND DAMAGES EXCEEDING $10,000,000**

## I. EXTREME PRELIMINARY STATEMENT

1. Plaintiff, Hayley Audriena Danner, brings this action to hold Domino's Pizza, Inc., BAM Franchise, and all responsible employees and managers, including HR Vice President Matthew Johnson, accountable for an egregious, deliberate, malicious, and systemic pattern of harassment, wage theft, retaliation, intentional emotional abuse, wrongful termination, and obstruction of justice.

2. Plaintiff moved to a new state seeking legitimate employment and stability, only to be systematically lied to, abused, ostracized, isolated, and cut off from coworkers by BAM Franchise managers, employees, and Domino's corporate leadership.

3. Corporate HR, under Matthew Johnson, actively misrepresented federal and state law, gaslit Plaintiff, minimized substantiated misconduct, dismissed witnesses, obstructed lawful complaints, and instructed franchise counsel (Micah) to block communication, all while knowingly facilitating continued harassment and retaliation.

4. After corporate initially ignored Plaintiff, attempted to redirect her back to BAM counsel Brian Bailey, and refused to respond, Plaintiff explained that BAM counsel Micah was unresponsive. Plaintiff then redirected her communications to corporate directly. Corporate subsequently stopped responding and escalated the situation by sending a **second cease-and-desist**, completely isolating Plaintiff and instructing that they did not care about her concerns.

5. Despite repeated private resolutions and formal pre-litigation demands totaling $10,000,000, BAM and Domino's refused to respond, ignored all communications, and continued to perpetrate harm, including wage theft, false accusations, public humiliation, and intentional interference with Plaintiff's emotional and financial wellbeing.

6. Plaintiff has now been forced to file this complaint to protect her rights, assert claims under federal and state law, and reserve all rights to public disclosure, class-action, and additional remedies on behalf of other employees subjected to similar misconduct.

7. The conduct of Defendants is deliberate, malicious, bad-faith, unconscionable, and designed to inflict maximum emotional, financial, and professional harm.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under:
   a. Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.
   b. Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (pending administrative exhaustion with EEOC; Plaintiff reserves all rights to pursue Title VII claims once proper notice is obtained).
2. This Court has supplemental jurisdiction over state claims, including:
   a. NMSA §50-4-1 (wage payment violations)
   b. Common law claims for intentional infliction of emotional distress, defamation, wrongful termination, and hostile work environment
3. Venue is proper pursuant to 28 U.S.C. §1391(b) because all events occurred in Grants, New Mexico.

## III. PARTIES

1. **Plaintiff:** Hayley Audriena Danner, resident of New Mexico, former employee of BAM Franchise.
2. **Defendants:**
   a. Domino's Pizza, Inc. (Corporate) – Oversight, HR involvement, ratification of unlawful acts, obstruction, and deliberate ignorance.
   b. PECOS VALLEY PIZZA, INC. (BAM Franchise) – Day-to-day employer, responsible for harassment, retaliation, wage theft, and hostile work environment.
   c. Charmaine Thomas – General Manager, responsible for scheduling, retaliation, and harassment.
   d. Josh Celestine – Former GM, supervising misconduct, retaliation, wage violations.
   e. Brian Bailey – Retaliation, False Termination, Obstruction, Facilitation of Ongoing Abuse
   f. Ray Santiago – improper banishment, compliant with abuse by Charmaine Johnson directly witnessed and false termination, retaliation
   j. Matthew Johnson, Vice President of HR – Corporate HR leadership, deliberate misrepresentation, obstruction, gaslighting, intimidation, and facilitation of ongoing abuse.

## IV. FACTUAL ALLEGATIONS

### A. CORPORATE ADMISSIONS, RETALIATION, AND BAD-FAITH INVESTIGATION

1. Matthew Johnson repeatedly misrepresented federal wage and tip law, minimized substantiated misconduct, dismissed witnesses including minor Sophiyah Gill, attempted to prematurely end calls when confronted regarding witness intimidation, and engaged in patterned gaslighting, escalation of harassment, and psychological manipulation.
2. Domino's Corporate admitted Plaintiff is owed 66 hours and three previously unpaid deliveries, but delayed payment, constituting late payment under federal and New Mexico law.
3. Corporate claims that "nothing happened" are directly contradicted by their own actions and payments, evidencing bad faith, deliberate misrepresentation, and intentional obstruction.
4. Plaintiff's repeated attempts to contact corporate counsel were ignored, while BAM counsel, under corporate direction, issued cease-and-desist instructions blocking Plaintiff from reporting ongoing abuse.
5. After corporate attempted to redirect Plaintiff to BAM counsel Brian Bailey and Plaintiff explained Micah was unresponsive, she communicated directly with corporate. Corporate then **stopped responding and issued its**

**own cease-and-desist**, completely isolating Plaintiff.

6. This deliberate ignoring constitutes:
   a. Willful indifference to employee rights
   b. Obstruction of lawful complaints
   c. Ratification of continued harassment and retaliation
   d. Evidence of bad faith and intentional avoidance of accountability

## B. WRONGFUL TERMINATION / FALSIFIED EVIDENCE

1. Plaintiff was terminated for alleged "falsification of evidence" regarding two selectively redacted text messages.
2. Both texts were authentic, and Matthew Johnson admitted on a recorded HR call that no fabrication occurred. Redactions were made solely for clarity, not to misrepresent content.
3. Termination on this basis constitutes retaliation, pretext, and intentional emotional harm, exacerbating Plaintiff's prior trauma.

## C. CONTINUED HARASSMENT / COMPOUNDED TRAUMA

1. Management gossip and outing (Maesen, Rachael) spread false narratives about Plaintiff quitting due to racism, witnessed by Kimberly Martin and Sophiyah Gill.
2. Public humiliation (Rachael, Josh Celestine): Accusations of theft during Secret Santa; refused investigation despite surveillance evidence.
3. Retaliatory scheduling and mandatory meetings: January 10, 2026 meeting announced 16 hours prior; failure to attend threatened punishment.
4. Administrative leave, pay reduction, and ongoing intimidation exacerbated financial and emotional harm.

## D. HR GASLIGHTING, DECEPTION, AND PSYCHOLOGICAL MANIPULATION

1. Matthew Johnson repeatedly misrepresented wage law, minimized misconduct, mocked trauma, forced repeated recounting of trauma, attempted to silence witnesses who are underage, obstruction, gaslighting, falsified the narrative and engaged in deliberate obstruction.
2. Corporate engaged in patterned escalation, obstruction, witness intimidation, and retaliation, evidencing malicious, intentional, and systemic misconduct.

## E. WAGE THEFT, TIP INTERFERENCE, MISREPRESENTED PAY

1. Charmaine Thomas and Josh Celestine diverted tips, reduced hours, and required work without compensation, violating FLSA §§203(m), 206, 215(a)(3) and NMSA §50-4-1.

## F. HOSTILE WORK ENVIRONMENT

1. Velasity Castillo, Renee, Ezekiel, Charmaine Thomas, and Rachael engaged in harassment, gossip, mocking, exclusion and isolation, exacerbating trauma.

## G. UNSAFE AND EXPLOITATIVE CONDITIONS

1. Plaintiff was forced to perform hazardous deliveries, multiple untrained roles, and exposed to threats via group chats.

## H. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiff's prior trauma includes rape, sexual assaults, attempted murder, orphanhood, homelessness. Symptoms include panic attacks, migraines, dissociation, emotional breakdowns.
2. Defendants had actual knowledge yet allowed harassment to continue, intensifying prior trauma.

## I. ACCRUED AND ESCALATING HARM / DAMAGES JUSTIFICATION

1. Continued administrative leave → lost wages, tips, and financial uncertainty.
2. Ongoing psychological distress → panic attacks, migraines, dissociation, emotional breakdowns.
3. Corporate escalation → additional legal exposure and attorney involvement.
4. Misconduct continues → gossip, harassment, false accusations.
5. Matthew Johnson / HR actively attempted to silence witnesses and misrepresented law.
6. Termination based on two redacted texts; payments contradict "nothing happened."

## J. DOMINO'S AND BAM MISJUDGED PLAINTIFF'S CAPACITY

1. Defendants assumed Plaintiff lacked resources to pursue claims.
2. Plaintiff independently gathered all evidence, documented communications, and prepared for litigation.
3. Corporate obstruction, ignoring, and cease-and-desist abuse underscores malicious bad faith, deliberate avoidance of accountability, and willful exacerbation of harm.

## V. CAUSES OF ACTION

1. FLSA violations – unpaid wages, tip diversion, retaliation.
2. Title VII violations – hostile work environment, racial discrimination, retaliation (pending EEOC filing; Plaintiff reserves all rights to pursue federal administrative claims once filed).
3. Intentional Infliction of Emotional Distress – HR and management conduct.
4. Wrongful Termination / Retaliation – falsified evidence claim.
5. Defamation / Public Humiliation – Secret Santa and gossip incidents.
6. State wage violations – NMSA §50-4-1.
7. Negligent Supervision / Ratification of Misconduct – BAM franchise and corporate leadership.
8. Obstruction of reporting / witness tampering – corporate counsel and HR.

## VI. DAMAGES / RELIEF

1. Plaintiff seeks:
   a. All unpaid wages, tip compensation, and related penalties.
   b. Compensatory and punitive damages for harassment, retaliation, emotional distress, defamation, and hostile

work environment.

c. Discipline and accountability for all responsible individuals.

d. Injunctive relief: written corrective policies, assurances of lawful wage, tip, and retaliation compliance.

e. Preservation of all evidence.

f. Damages updated to $10,000,000, reflecting all ongoing and compounded harm, escalation, and corporate bad faith, including harm from both BAM/Micah and Domino's corporate cease-and-desist letters.

## VII. NOTICE OF INTENT TO LITIGATE

1. Plaintiff attempted multiple private resolutions and extensions.
2. Defendants' continued refusal to respond or settle leaves Plaintiff no choice but to file immediately.
3. Plaintiff reserves all rights to pursue federal and state claims, public disclosure, class actions, and additional remedies.

## VIII. JURY DEMAND

1. Plaintiff requests a trial by jury on all claims.

## IX. EXHIBITS / SUPPORTING EVIDENCE

- Exhibit A – Emails to corporate counsel documenting harassment and wage claims.
- Exhibit B – Text messages and screenshots evidencing harassment, retaliation, and false accusations.
- Exhibit C – HR recordings and notes demonstrating Matthew Johnson misrepresentation and gaslighting.
- Exhibit D – Wage statements showing unpaid hours, diverted tips, and late payments.
- Exhibit E – Witness statements (Kimberly Martin, Sophiyah Gill, Rachael Ramirez) corroborating events.
- Exhibit F – Cease-and-desist correspondence and counsel communications (includes both BAM counsel Micah's cease-and-desist and Domino's corporate cease-and-desist).
- Exhibit G – Timeline of events showing escalation and corporate obstruction.

Hayley A Danner

02/10/2026

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Hayley Audriena Danner

**DEFENDANTS**

Dominos Pizza, Inc, PECOS VALLEY PIZZA, INC, Matthew Johnson, Charmaine Thomas, Josh Celestine, Brian Bailey, Ray Santiago

**(b)** County of Residence of First Listed Plaintiff  Cibola County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Washtenaw County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE - 323-493-0631
1901 E Santa Fe Ave #30, Grants, New Mexico 87020

Attorneys *(If Known)*
Micah D. Dawson
Fisher and Phillips LLP
1125 17th St, Suite 2400, Denver CO 80202

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e et seq.; Fair Labor Standards Act, 29 U.S.C. §201 et seq

Brief description of cause:
Retaliation, wage theft, tip deprivation, wrongful termination, hostile work environment, witness tampering of minors

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  10,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  02/09/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Print    Save As...    Reset

Pro Se Statement of Personal Circumstances and Impact

I, Hayley Audriena Danner, declare the following under penalty of perjury:

I moved here by myself, seeking a fresh start, a chance to build stability, and a life free from fear just a few months ago. My life has been marked by trauma no one should endure: I was raped twice, sexually assaulted three times, orphaned, became homeless, survived an attempted murder less than two years ago...and much more. I have fought tirelessly to rebuild, but the Defendants' actions have thrown me into further chaos.

Domino's management has engaged in wage theft, forced leave, harassment, obstruction of communications, and misrepresentation of facts, false termination, retaliation, hostile work environment and more. They admitted some harm via recorded HR phone call by paying me for dangerous, unpaid deliveries, yet they denied any wrongdoing on the same phone call and refused to engage in meaningful resolution for egregious harm I have witnesses to, documentation for, as well as photographs.

Their actions have inflicted severe emotional and psychological damage — migraines, anxiety, fear, disassociation — and put me at risk of homelessness again, undoing the progress I have fought so hard to make.

I have documented everything meticulously: emails, witness statements, recordings, and correspondence. I am representing myself due to financial constraints, yet I have prepared my case carefully so the court can see the full scope of harm. The Defendants' behavior has not only caused financial and professional damage but has re-traumatized me and threatened my very stability, safety and mental health. I truly wonder what is the point in trying anymore.

I respectfully ask the court to consider both the Defendants' deliberate actions and the ongoing, severe harm they have caused when determining relief. Immediate protection and compensation are critical to prevent further irreparable damage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10 day of February, 2026, in Grants, New Mexico.

Hayley Danner



Denver
1125 17th Street
Suite 2400
Denver, CO 80202

(303) 218-3650 Tel
(303) 218-3651 Fax

**Writer's Direct Dial:**
(303) 218-3665

**Writer's E-mail:**
mdawson@fisherphillips.com

January 29, 2026

*Via email*

Hayley Danner
*theprivatehad@gmail.com*

RE:   **IMMEDIATE CEASE AND DESIST**

Ms. Danner:

As you are aware, my firm has been retained to represent your former employer, BAM! Pizza Management, Inc., regarding the claims and allegations raised in your various communications to BAM!, including but not limited to your emails sent yesterday with the subject line "$7,500,000 Updated Demand | Public Disclosure & Class Action Potential— Corporate Gaslighting, Retaliation, Wrongful Termination, and Wage Violations."

As you have been instructed on multiple occasions, you are to direct all communications regarding this matter exclusively to Fisher & Phillips LLP. Your repeated emails to BAM! employees and management are inappropriate, harassing, and may constitute a separate criminal offense under New Mexico Statutes § 30-3A-2 (2024).

**By this letter, BAM! hereby demands you immediately cease and desist from contacting any BAM! employee, manager, director, owner, or any representative other than Fisher & Phillips LLP, including *but in no way limited to*:**

**Lorraine Aguilar <lorraine@dominosnm.com>**
**Brian Bailey <brian@dominosnm.com>**
**Kaylee Brakebill <kaylee@dominostx.com>**
**Dani Bulger <dani.bulger@dominos.com>**
**Rob Hoff <rob@dominosnm.com>**
**Matt Johnson <matt@dominostx.com>**
**Ray Santiago <ray@dominosnm.com>**
**investorrelations@dominos.com**

**Fisher & Phillips LLP**

Atlanta · Baltimore · Birmingham · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Detroit · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · McLean · Memphis · Minneapolis · Nashville · New Jersey · New Orleans · New York · Orlando · Philadelphia
Phoenix · Pittsburgh · Portland, ME · Portland, OR · Sacramento · Salt Lake City · San Diego · San Francisco · Seattle · Tampa · Washington, DC · Woodland Hills

January 29, 2026
Page 2 of 2

**Please also be advised you are no longer permitted to enter any property owned or leased by BAM!.** Violation of this restriction may subject you to penalties for criminal trespass pursuant to New Mexico Statutes § 30-14-1 (2024).

BAM! takes the protection of its employees' safety and wellbeing. If you do not comply with the above demands and/or we discover any further prohibited conduct by you, BAM! will take all necessary actions to protect its employees and to ensure that you abide by the foregoing demands, including, if necessary, commencing legal proceedings against you to obtain a restraining order and any other available injunctive relief and damages.

This letter is not intended as a full recitation of the facts or a complete review of applicable law. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of BAM!'s rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

Sincerely,

*/s/ Micah Dawson*

Micah Dawson
For FISHER & PHILLIPS LLP

FP 61523812.1



**Denver**
1125 17th Street
Suite 2400
Denver, CO 80202

(303) 218-3650 Tel
(303) 218-3651 Fax

**Writer's Direct Dial:**
(303) 218-3665

**Writer's E-mail:**
mdawson@fisherphillips.com

February 9, 2026

_**Via email**_

Hayley Danner
_theprivatehad@gmail.com_

RE:   **IMMEDIATE CEASE AND DESIST**

Ms. Danner:

As you are aware, my firm has been retained to represent your former employer, BAM! Pizza Management, Inc., regarding any claims related to your employment and the termination thereof.

As you have been instructed on multiple occasions, you are to direct all communications regarding this matter exclusively to Fisher & Phillips LLP. Despite these clear and repeated directives, it has come to our attention that you are now sending multiple messages to representatives of BAM!'s franchisor, Domino's Pizza LLC. These messages, like your similar communications to employees and other representatives of BAM!, are inappropriate, harassing, and may constitute a separate criminal offense under New Mexico Statutes § 30-3A-2 (2024).

By this letter, BAM! and Domino's hereby demand you <u>immediately cease and desist</u> from contacting any Domino's employee, manager, director, owner, or any representative other than Fisher & Phillips LLP, including _but in no way limited to_:

> Joseph Jordan <<u>joseph.jordan@dominos.com</u>>
> Alison Loy <<u>Alison.Loy@dominos.com</u>>
> Ryan Mulally <<u>Ryan.Mulally@dominos.com</u>>
> Maureen Pittenger <<u>Maureen.Pittenger@dominos.com</u>>
> Sandeep Reddy <<u>Sandeep.Reddy@dominos.com</u>>
> Nicole Stowe < <u>nicole.stowe@dominos.com</u>>
> Kate Trumbull <<u>Kate.Trumbull@dominos.com</u>>
> Russell Weiner <<u>Russell.Weiner@dominos.com</u>>
> Domino's Public Relations <<u>media@dominos.com</u>>

**Fisher & Phillips LLP**

Atlanta · Baltimore · Birmingham · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Detroit · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · McLean · Memphis · Minneapolis · Nashville · New Jersey · New Orleans · New York · Orlando · Philadelphia
Phoenix · Pittsburgh · Portland, ME · Portland, OR · Sacramento · Salt Lake City · San Diego · San Francisco · Seattle · Tampa · Washington, DC · Woodland Hills

February 9, 2026
Page 2 of 2

     If you do not comply with the above demands and/or we discover any further prohibited conduct by you, BAM! and/or Domino's may take all necessary actions to protect their respective employees and to ensure that you abide by the foregoing demands, including, if necessary, commencing legal proceedings against you to obtain a restraining order and any other available injunctive relief and damages.

     This letter is not intended as a full recitation of the facts or a complete review of applicable law. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of BAM!'s rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

Sincerely,

*/s/ Micah Dawson*

Micah Dawson
For FISHER & PHILLIPS LLP



On February 9,2026, corporate counsel Micah asserted that the Company 'does not agree with your allegations or claims,' and questioned the purpose of Plaintiff's communications. This statement is false, as the Company had already paid Plaintiff for certain deliveries and hours that were previously withheld illegally. This misrepresentation demonstrates knowing pretext, obstruction of Plaintiff's reports, and bad-faith handling of wage and retaliation claims.



Good afternoon.

Thank you for your email. I acknowledge your position that Domino's corporate denies responsibility and is unwilling to engage in settlement discussions.

Please be advised that my previous communications were made in good faith in an effort to resolve these claims privately.

My outreach was necessary because the franchise, which unlawfully terminated my employment, is legally restricted from responding due to a cease-and-desist, leaving corporate oversight as the proper party

As previously communicated, I am seeking a substantive settlement position by close of business on Friday, February 13, 2026.

If a response is not received by that deadline, I will proceed with filing claims against Domino's corporate and the individual actors beginning Tuesday, February 17, 2026.

Thank you for your attention to this matter.


Regards,

Hayley Audriena Danner



Dawson, Mica...
to Theanna, me ▾

Ms. Danner-

I do apologize.  I did not have authority on any response by your deadline, but in the future will be sure to apprise you of that fact so it does not look like the deadline was ignored.

I have authority to waive service of any complaints on behalf of BAM Pizza, Brian Bailey, and Matt Johnson.

Thanks.

**Micah D. Dawson**
Partner

Fisher & Phillips LLP
1125 17th Street | Suite 2400 | Denver, CO 80202
mdawson@fisherphillips.com | O: (303) 218-3665

vCard  |  Bio  |  Website   *On the Front Lines of Workplace Law* ℠

*This message may contain confidential and privileged information. If it has been sent to you in error, please
reply to advise the sender of the error, then immediately delete this message.*

**From:** Hayley Danner <theprivatehad@gmail.com>
**Sent:** Thursday, February 5, 2026 10:42 AM
**To:** Dawson, Micah <mdawson@fisherphillips.com>; russell.weiner@dominos.com; sandeep.reddy@dominos.com; ryan.mulally@dominos.com; maureen.pittenger@dominos.com; media@dominos.com; kate.trumbull@dominos.com
**Subject:** URGENT- Request for Service Addresses – Individual Defendants

CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.

...



**Hayley Danner**                                                                                10:42 AM (7 hours ago)

Micah, You have now had ample time to evaluate and respond to my claims, including extensions and multiple follow-ups. Despite this, I have received neither a s

**Dawson, Micah**                                                                               11:36 AM (6 hours ago)
to me, Theanna

Ms. Danner-

Given the prior requests regarding communications, and the fact you are aware Dominos was not your employer, it is unclear as to the purpose or need of the continued communications to corporate.

The Company does not agree with your allegations or claims, nor is it willing to engage in any settlement discussions when your requests are outside the bounds of anything that could even be contemplated for such claims.

Thanks.

**Micah D. Dawson**
Partner
Fisher & Phillips LLP
1125 17th Street | Suite 2400 | Denver, CO 80202
mdawson@fisherphillips.com | O: (303) 218-3665

vCard | Bio | Website    *On the Front Lines of Workplace Law ℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please
reply to advise the sender of the error, then immediately delete this message.*

**From:** Hayley Danner <theprivatehad@gmail.com>
**Sent:** Monday, February 9, 2026 10:42 AM
**To:** Dawson, Micah <mdawson@fisherphillips.com>; Bezney, Theanna <tbezney@fisherphillips.com>

AFFIDAVIT OF GOOD-FAITH ATTEMPT TO LOCATE AND SERVE DEFENDANTS AND
AUTHORIZATION FOR ALTERNATIVE SERVICE


I, Hayley Danner, being duly sworn, hereby state as follows:

1. I am the Plaintiff in the above-captioned matter and have personal knowledge of the facts set forth
   herein.
2. I have made a good-faith effort to obtain the current residential addresses of the following defendants:
   o Joshua Celestine
   o Ray Santiago
   o Charmaine Thomas
3. On February 6, 2026, I requested the current addresses of these defendants from corporate counsel for
   Domino's Pizza, Inc., specifically Micah Dawson. Corporate counsel refused to provide the requested
   addresses. Copies of correspondence documenting these requests and refusals are attached hereto.
   (Screenshots of emails attached, Behind this Affadavit)
4. Due to a cease-and-desist order, I am prohibited from contacting these individuals directly.
5. Based on my personal knowledge as a former General Manager and District Manager, I am aware that
   the defendants are currently employed at or can be reached via the following location and phone
   numbers:
   o Domino's Pizza, 615 W Santa Fe Ave, Grants, NM 87020
   o Joshua Celestine: 505-356-6789
   o Ray Santiago: 505-979-4905
   o Charmaine Thomas: 505-369-9611
6. I request that the Court allow service of the summons and complaint on the above-named defendants
   as follows:
   o By delivery of the summons and complaint directly to the defendants at the Grants Domino's
     store, and/or
   o By contacting the defendants via the phone numbers listed above to coordinate personal delivery,
   o All service to be effected through a licensed process server or other authorized agent to ensure
     compliance with the cease-and-desist order.
7. I make this affidavit to demonstrate my good-faith effort to locate and serve the defendants and to
   request the Court's approval for alternative service if necessary.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
and correct.

Executed on February 10, 2026

Hayley Audriena Danner

Subscribed and sworn to before me this 10th day of February, 2026



The attached emails demonstrate my good-faith efforts to obtain the current residential addresses of defendants Joshua Celestine, Ray, and Charmaine Thomas on February 6, 2026, I requested these addresses from corporate counsel for Domino's Pizza, Inc. specifically for purposes of effecting proper service of the summons and complaint. The emails show that corporate counsel refused to provide the

requested information. Due to an existing cease-and-desist order, I am prohibited from contacting the defendants directly. These communications serve as documentation of my attempts and support my request for the Court to approve alternative service, including service at the Grants Domino's store or via the phone numbers listed in my affidavit.



This email shows that I was formally instructed by Matt Johnson of HR, to limit my reporting to one email per day, effectively being told to hold in and endure the ongoing harassment and abuse rather than fully report it as it occurred.

At the time, multiple egregious incidents were happening, and this restriction made it impossible to document or address the misconduct in real time. Causing more confusion, disassociation and migraines.

 This instruction demonstrates the company's obstruction of my ability to protect myself and properly report abuse, and it supports my claims of a hostile, retaliatory, and harmful work environment.

# Mark Needham MD
# UCLA/Santa Monica Bay Physicians
# 2001 Santa Monica Blvd.
# Suite 1070
# Santa Monica, CA  90404
310-315-7901
310-315-7934 fax
mneedham@mednet.ucla.edu

Re:    Hayley Danner

June 13, 2013

This patient is under my care for chronic and recurrent migraine headaches.


Thank you,

Mark Needham MD


Mark R. Needham, M.D.
2001 Santa Monica Blvd., #1070
Santa Monica, CA 90404
Ph: (310) 315-7900  Fx: (310) 315-7931



## ∞ Bobbi A. Marsh, LPC ∞

*Bobbimarsh44@gmail.com*
*# 915-224-0592*
*P.O. Box 522, Georgetown, TX 78627*
*Texas LPC #73572- Issued 01.25.2015 (Active)*

December 12, 2022

Re: Hayley Danner

To Whom It May Concern:

I recently evaluated Hayley Danner's (DOB:01/13/1989) mental health condition. I have a professional relationship with Hayley Danner involving the provision of health care or disability-related services and the information set forth in this letter is based upon personal knowledge of Hayley Danner (i.e., knowledge used to diagnose, advise, counsel, treat, or provide health care or other disability-related services).

My client meets the definition of disability under the Americans with Disability Act, the Fair Housing Act and the Rehabilitation Act of 1973. My client's mental health disorder, which is recognized in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) handbook, substantially limits one or more major life activities or major bodily functions, including the ability to, care for one's; self/learn/work/sleep/concentrate/socializing/regulate mood, etc.

To help with these limitations, I am recommending an emotional support dog. This emotional support animal is necessary to provide therapeutic emotional support that alleviates symptoms of my client's impairment, and to enhance my client's ability to function and live independently and fully use and enjoy the dwelling unit you own and/or administer. My client's emotional support animal helps them sleep, deal with stress and pain associated with their disability, leave the isolation of home, learning, interact with others, deal with the symptoms or effects of depression and anxiety by providing a reason to live. Please allow my client to live with their ESA as a reasonable accommodation under The Fair Housing Amendments Act of 1988.

Please note that pursuant to guidance issued by the U.S. Department of Housing and for privacy reasons, details about the diagnosis or severity of my client's disability and medical records may not be disclosed.

In addition, if this letter is being presented for air travel, please also allow my client who is under my professional care to be accompanied by their emotional support animal in the cabin of the aircraft, as an accommodation for air travel and/or for activity at the their destination.

Sincerely,

*Bobbi A. Marsh, LPC*

Licensed by the state of (Texas) License Number: __73572__ ,Status: Active

**Request for Service by the U.S. Marshal**

1. Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the United States Marshal effect service of the Summons and Complaint upon all Defendants named herein at their last known addresses, including their work locations where authorized. Plaintiff certifies that they are unable to afford the costs of private process service and requests that the Court direct the U.S. Marshal to serve the Defendants on Plaintiff's behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 10, 2026

Hayley Audriena Danner

Subscribed and sworn to before me this 10th day of February, 2026